# Ballard Spahr
### LLP

---------------------

919 Third Avenue, 37th Floor
New York, NY 10022-3915
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Adam P. Hartley
Tel: 212.223.0200
Fax: 212.223.1942
hartleya@ballardspahr.com

*By Electronic Filing*                                          June 5, 2017

Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**    *Iliovits v. Northland Group, Inc.*, No. 1:17-cv-01589

Dear Judge DeArcy Hall:

We represent defendant Northland Group, Inc. ("Northland") in the above-referenced matter. We write pursuant to Your Honor's Individual Motion Practices and Rules to request a pre-motion conference as an antecedent to Northland's filing of a motion to compel individual arbitration and to stay proceedings. The basis for the proposed motion is as follows.

This putative class action is one of several identical lawsuits filed in this district arising from a single sentence contained in a letter seeking to collect a credit card account, which disclosed that there could be tax ramifications if the account was settled. Plaintiff Moses Iliovits ("Plaintiff"), on behalf of himself and a putative class, avers that the sentence is misleading and seeks to recover statutory damages and attorneys' fees for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Northland disputes that assertion and maintains that there is nothing misleading or otherwise unlawful about the sentence.

Setting aside the merits (or lack thereof) of Plaintiff's claim, the within dispute is subject to arbitration pursuant to the Card Agreement (the "Agreement") governing the Citibank, N.A.-issued credit card account which was the subject of the letter in question. The Agreement's broad arbitration provision applies to "[a]ll Claims relating to [Plaintiff's] account, a prior related account, or our relationship...," and it expressly covers claims based on "statutory or regulatory provisions," such as Plaintiff's FDCPA claim (the "Arbitration Provision"). Further, the Arbitration Provision mandates that arbitration take place "on an individual (non-class, non-representative) basis...."

DMEAST #29515109 v1

Atlanta | Baltimore | Bethesda | Delaware | Denver | Las Vegas | Los Angeles | New Jersey | New York | Philadelphia | Phoenix
Salt Lake City | San Diego | Washington, DC | www.ballardspahr.com

Page 2

Critically, the Arbitration Provision extends not only to claims asserted against Citibank, but also to those asserted "against anyone connected with [Citibank] ..., such as a[n] ... agent, representative, [or] affiliated company...."  This certainly encompasses Plaintiff's claim against Northland – which is obviously "connected with" Citibank, and thus, has standing to enforce the Arbitration Provision under the plain terms of the Agreement.  *See PoolRe Ins. Corp. v. Organizational Strategies, Inc.*, 783 F.3d 256, 262 (5th Cir. 2015) ("Agreements mandating arbitration of disputes that 'relate to' or 'are **connected with**,' rather than merely those 'arising out of,' a contract are 'broad arbitration clauses capable of expansive reach'") (emphasis added); *Garrett v. Margolis, Prtizker, Epstein & Blatt, P.A.*, 861 F. Supp. 2d 724, 728-29 (E.D. Va. 2012) (finding that "a debt collector acting on behalf of Citibank . . . is covered by the broad contract language[1] under the heading of 'whose claims are subject to arbitration.'").  Indeed, as recently as April 24, 2017, the Honorable William F. Kuntz, II held that Citibank's Arbitration Agreement was broad enough to encompass claims against third party debt collectors, and entered an order granting a debt collector's motion to compel arbitration of an identical FDCPA claim.  *See Libby Gold v. Global Credit and Collections Corp.*, No. 16-5404 (E.D.N.Y.).

In any event, even if – for the sake of argument – the Court found that Northland did not have standing under the plain language of the Arbitration Agreement, it would still have the right to compel arbitration as Citibank's agent, or as a third party beneficiary of the Agreement.  It is well settled that nonsignatories to an arbitration agreement can enforce the agreement under, among other things, principles of agency and third party beneficiary status. *See Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995). Moreover, under South Dakota law – which governs the Card Agreement, *see Cayanan v. Citi Holdings, Inc.*, 928 F. Supp. 2d 1182, 1193-94 (S.D. Cal. 2013) (holding that South Dakota law applied under Citibank's choice-of-law provision and applicable choice-of-law test) – Northland qualifies as Citibank's "agent" for the purpose of collecting the debt under the Account, regardless of any contractual language stating otherwise.[2]  *See Nattymac Capital LLC v Pesek*, 784 NW2d 156, 160-161 (S.D. 2010) (holding that a loan servicer was

---

[1]    In fact, *Garrett* involved the same Arbitration Provision that is applicable here.

[2]    In two cases currently pending in this district involving identical claims as the case at bar, both Judge Kuntz and the Honorable Kiyo A. Matsumoto granted defendants' pre-motion requests to move for arbitration, and rejected plaintiffs' challenges to Defendants' pre-motion requests.  *See* order granting motion to compel arbitration, entered by Judge Matsumoto on May 11, 2017, in *Sperber v. Alltran Financial, LP*, No. 17-cv-00232 (E.D.N.Y.); order entered by Judge Kuntz on May 11, 2017, in *Brecher v. Northland Group Inc.*, No. 17-01496 (E.D.N.Y.).

Page 3

the lender's "agent for purposes of collecting loan payments," even though the agreement between the parties defined the servicer as an independent contractor – and citing Restatement (Second) of Agency § 14N (1958) for the proposition that "an independent contractor may also be an agent") (quoting cmt. a to Restatement (Second) of Agency § 14N (1958) ("In fact, most of the persons known as agents, that is, brokers, factors, attorneys, **collection agencies**, and selling agencies are independent contractors as the term is used in the Restatement of this Subject, since they are contractors but, although employed to perform services, are not subject to the control or right to control of the principal with respect to their physical conduct in the performance of the services. However, they fall within the category of agents.") (emphasis added).

It is well-settled that "[f]ederal policy, as embodied in the Federal Arbitration Act, strongly favors arbitration as an alternative dispute resolution process." *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 45 (2d Cir. 1993). Further, federal courts have applied the strong federal policy favoring arbitration to FDCPA claims. *See, e.g., Shetiwy v. Midland Credit Mgmt.*, 959 F. Supp. 2d 469, 475 (S.D.N.Y. 2013) (holding that arbitration provision in agreement encompassed the plaintiff's FDCPA claims). Lastly, courts routinely apply and enforce as written class action waivers contained in arbitration agreements. *See, e.g., Clookey v. Citibank, N.A.*, No. 8:14-cv-1318, 2015 WL 8484514, at *4 (N.D.N.Y. Dec. 9, 2015 ("[T]he Card Agreement addresses class arbitration and expressly precludes it. … Consequently, Clookey must arbitrate his FCRA claims individually.").

In light of the above, Plaintiff's FDCPA claim is subject to mandatory arbitration on an individual, non-class basis.  Northland, therefore, requests the Court's permission to file a motion to compel individual arbitration and to stay proceedings.  Northland proposes the following briefing schedule: (1) Northland's motion papers shall be filed within seven (7) days of the Court's Order permitting it to file the motion; (2) any opposition to Northland's motion shall be filed within fourteen (14) days of the motion; and (3) any reply shall be filed within fourteen (14) days of the opposition.  We thank Your Honor for your consideration of this request.

Respectfully submitted,

*/s/ Adam P. Hartley    .*
Adam P. Hartley, Esq.

cc:  David Palace, Esq.